**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**Case No. 5:19-cr-00008-TBR-2**

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.

DERRICK V. DAVIS                                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Derrick Davis' ("Davis") Motion for Credits from Pretrial Home Confinement. [DN 59.] The government has responded. [DN 65.] As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Davis' Motion for Credits from Pretrial Home Confinement is **DENIED**.

**I. Discussion**

Davis was released from custody on an unsecured bond on June 26, 2019. [DN 34.] He states he was on home confinement from June 26, 2019 to January 28, 2020. [DN 59.] He asks this Court to award credit for this time.

The Sixth Circuit has held:

> "[a] defendant is entitled to sentencing credit toward 'the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences.' 18 U.S.C. § 3585(b). However, it is the Attorney General, through the Bureau of Prisons, and not the district court, that is authorized pursuant to § 3585(b) to grant a defendant credit for time served prior to sentencing. [*United States v. Wilson*, 503 U.S. 329, 333 (1992)] ... A prisoner may seek administrative review of the computation of this credit, see 28 U.S.C. § 2241. *See Wilson*, 503 U.S. at 335*; McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993); *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992)."

*United States v. Smith*, 145 F. 3d 1334, at *1 (6th Cir. 1998). "Review of the Bureau of Prisons' determination is available through the administrative process and ultimately, *after the exhaustion of administrative remedies*, in the District Court." *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992) (emphasis added). Here, Davis has not provided any evidence that he has

exhausted his administrative remedies. Without evidence that he has exhausted his administrative remedies, this Court must deny Davis' motion.

The government further argues that even if Davis properly exhausted his administrative remedies, jail credit is not appropriate for time spent on home confinement. Under 18 U.S.C. § 2585(b): "[a] defendant is entitled to sentencing credit toward 'the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." In *Reno v. Koray,* the Supreme Court held a defendant "released on bail pursuant to the Bail Reform Act of 1984 was not [in] "official detention" within the meaning of 18 U.S.C. § 3585(b)." 515 U.S. 50, 65 (1995). Here, Davis was released on bond prior to his incarceration. As such, he was not in "official detention". Therefore, Davis is not eligible for credit for his pretrial release.

## II. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Davis' Motion for Credits from Pretrial Home Confinement [DN 59] is **DENIED**.

**IT IS SO ORDERED**.

Thomas B. Russell, Senior Judge
United States District Court

August 10, 2020

cc: Derrick V. Davis
　19597-033
　MEMPHIS
　FEDERAL CORRECTIONAL INSTITUTION
　Inmate Mail/Parcels
　P.O, BOX 34550
　MEMPHIS, TN 38184
　PRO SE