UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISIOIN
Case No. 5:19-cr-00008-TBR

UNITED STATES OF AMERICA                                                                            PLAINTIFF

v.

DERRICK V. DAVIS                                                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Derrick Davis's *pro se* Motion for Compassionate Release. [DN 74]. The government has responded. [DN 81]. As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Davis's Motion for Compassionate Release [DN 74] is **DENIED**.

## I.  Background

A complaint was filed on January 10, 2019 alleging Davis aided and abetted his codefendant in knowingly and intentionally possessing 500 grams or more of a mixture and substance containing a detectable quantity of methamphetamine, with intent to distribute. [DN 1]. Davis was later indicted on one count of aiding and abetting possession with intent to distribute methamphetamine. [DN 12]. He plead guilty to that charge on August 27, 2019. [DN 41]. Davis was sentence to 120 months imprisonment. [DN 57]. He now moves this Court to grant him compassionate release due to the Covid-19 pandemic.

## II.  Legal Standard

"The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*,

980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

In considering a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A), a district court must proceed through three steps of analysis. *United States v. Elias*, No. 20-3654, 2021 WL 50169, at *1 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). At step one, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.'" *Id.* (citing *Jones*, 980 F.3d at 1101). In step two, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 ... [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)). Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for

2

a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

Despite the Sixth Circuit's holding in *Jones*, this Court agrees with the United States District Court for the Eastern District of Kentucky in stating that "[w]hile the policy statement found in U.S.S.G. § 1B1.13 of the Sentencing Guidelines is not binding, it provides a useful starting point to determine whether extraordinary and compelling reasons exist." *United States v. Muncy*, No. 6: 07-090-DCR, 2020 WL 7774903, at *1 (E.D. Ky. Dec. 30, 2020). The application notes to § 1B1.13 provide that extraordinary and compelling reasons for a reduction in terms of imprisonment include certain medical conditions, age of the defendant, family circumstances, and other reasons as determined by the Bureau of Prisons. U.S.S.G. § 1B1.13 cmt. n.1. Specific medical conditions of a defendant constituting extraordinary and compelling reasons for a reduction in terms of imprisonment may include "terminal illness," "a serious physical or medical condition," "a serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process." *Id.* The application note to U.S.S.G. § 1B1.13 further provides that the age of a defendant may be a necessary and compelling reason for a reduction in terms of imprisonment when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.*

After considering whether extraordinary and compelling reasons warrant a sentence reduction the district court proceeds to the final step of the analysis. If a reduction is warranted the court is to consider whether that reduction is defensible under the circumstances of the case by considering any relevant factors of 18 U.S.C. § 3553(a). *Elias*, 2021 WL 50169, at *1 (citing *Jones*, 980 F.3d at 1101); *Jones*, 980 F.3d at 1108.

### III. Discussion

#### A. Exhaustion of Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, 425 F.Supp.3d 573, 577 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *Marshall,* 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

Here, Davis requested compassionate release on April 27, 2020. [DN 74-3 at PageID 328]. His request was denied by the warden on June 13, 2020. [*Id.* at PageID 329]. The present motion was filed on January 15, 2021. Therefore, Davis has exhausted his administrative remedies.

#### B. Extraordinary and Compelling Reasons

Davis argues he is entitled to compassionate release due to a diagnosis of Crohn's disease. The Centers for Disease Control has not indicated that Crohn's disease increases the risk of contracting Covid-19 or experiencing severe symptoms. Davis tested positive for Covid-19 in December 2020. [DN 83-1 at PageID 379]. In his motion, Davis does not complain of any lingering side effects of Covid-19. Davis also argues he has had issues with his colon that have gone untreated. However, his medical records show that he has been seen during the pandemic addressing this issue and was recommended for a colonoscopy. [*Id.* at PageID 389]. Davis's medical condition does not place him at a greater risk and his issues are being addressed. Davis has also recovered from Covid-19 without any adverse side effects.

Further, FCI Memphis, where Davis is located, currently has zero positive inmates.[1] Although 19 staff members have tested positive, there is no outbreak within the prison. Therefore, Davis has not shown extraordinary and compelling reasons for his release.

## C. 18 U.S.C. § 3553(a) Factors

In the present case, Davis was convicted of intending to distribute approximately four pounds of methamphetamine. [DN 1]. This is no small amount of drugs. Releasing Davis after approximately one year of incarceration would not reflect the seriousness of his crime given that he was sentenced to 120 months. Davis also has several prior convictions. [DN 47]. Due to both the nature and circumstances of the present offense and Davis's history and characteristics, the Court does not find release appropriate. Therefore, the Court must deny Davis's motion.

## IV.   Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Davis's Motion for Compassionate Release [DN 74] is **DENIED**.

**IT IS SO ORDERED**.

*[signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 3, 2021

cc: Derrick V. Davis
　　19597-033
　　FCI Memphis
　　Inmate Mail/Parcels
　　P.O. Box 34550
　　Memphis, TN 38184
　　PRO SE

---

[1] BOP Coronavirus, https://www.bop.gov/coronavirus/ (last accessed February 26, 2021).

5